**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN ALERS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:25-1371** |
| **v.** | : | **(JUDGE MANNION)** |
| **PROGRESSIVE PREFERRED INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Pending before the court is the defendant's cross-motion to sever and stay discovery. (Doc. 20).[1] Upon review, the motion will be **DENIED**.

The above-captioned matter is a civil action brought by the plaintiff against the defendant for breach of contract and statutory bad faith arising from a motor vehicle accident on September 20, 2022. It was originally filed in the Lackawanna County Court of Common Pleas and removed by the defendant to this court on July 28, 2025. (Doc. 1).

1 Also pending is the plaintiff's motion to compel discovery which will be ruled upon separately. (Doc. 15). Rather than file individual briefs in opposition to the plaintiff's motion to compel and in support of its own cross-motion to sever and stay, the defendant filed one all-inclusive brief. (Doc. 21). For future reference, counsel is advised that any motions pending before the court should be briefed separately. *See* L.R. 7.8(a).

In the pending motion, the defendant seeks to sever and stay all bad faith discovery from the breach of contract claim. As indicated above, this matter arises from a motor vehicle accident, in which the plaintiff sustained injuries. The defendant contends that there is a dispute regarding the nature and extent of the plaintiff's injuries, as well as the valuation of the plaintiff's uninsured motorist ("UIM") claim. The defendant argues that, through the bad faith claim, the plaintiff is seeking production of privileged information and its opinion work product which would prejudice the defendant in relation to the ongoing underinsured motorist ("UIM") claim.

According to the defendant, it has produced all of the non-privileged documents in its UIM claim file, along with a privilege log. Further, it has answered the plaintiff's interrogatories and responded to the plaintiff's requests for production of documents. After its initial production, the defendant provides that the plaintiff's counsel disputed certain redactions to its claim file via correspondence dated January 14, 2026. Following a telephone conference, the defendant claims that the plaintiff still alleges that a dispute remains. As a result, the defendant provides that the plaintiff has filed a motion to compel an unredacted copy of the claim file seeking, among other things, the defendant's settlement evaluations, mental impressions, and strategy and tactics relating to the plaintiff's claim for UIM

benefits while that claim is ongoing. The defendant argues that it is clear that, in relation to the bad faith claim, the plaintiff is seeking to obtain its attorney-client privileged information and opinion work product related to the ongoing UIM claim. Under Pennsylvania law, the defendant argues that it's mental impressions, conclusions, and opinions regarding the UIM claim constitute opinion work product which is entitled to protection from discovery.[2] As such, the defendant argues that discovery on the bad faith claim should be severed and stayed until the UIM claim is resolved.

Upon review of the defendant's consolidated brief, the defendant does little to address the basis for its motion to sever and stay or the standard applicable thereto. As pointed out by the plaintiff, there are two potential bases in the Federal Rules of Civil Procedure upon which the defendant can rely: Rule 21 and Rule 42(b).

Federal Rule of Civil Procedure 21 permits severance of claims. In relevant part, the rule states that on motion or *sua sponte*, "the court may at any time, on just terms ... sever any claim against a party." Fed.R.Civ.P.

[2] While the defendant relies, in part, upon Pennsylvania state law to argue that severance and a stay is necessary in this case because the prejudice it will suffer precludes the requested discovery in this case, in removing the instant action from the Lackawanna County Court of Common Pleas to this court, the defendant made a conscious decision to subject itself to the rules and procedures of this court.

21. The severance provided for in Rule 21 is often conflated with bifurcation, which is governed by Federal Rule of Civil Procedure 42(b). *See* 9A Charles Alan Wright *et al.*, Federal Practice & Procedure §2387 (4th ed. 2020). Federal Rule of Civil Procedure 42(b) provides, in relevant part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." Unlike bifurcation of claims under Rule 42(b), severance under Rule 21 creates independent actions resulting in separate judgments. *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999); 9A Wright *et al.*, supra, §2387.

Severance under Rule 21 is appropriate when the claims are "discrete and separate," each capable of resolution without dependence or effect on the other. *Henderson v. Mahally*, 639 F.Supp.3d 481, 486-87 (M.D. Pa. 2022) (citing *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (citations omitted)). While the Third Circuit has not set a specific standard for deciding a motion to sever claims under Rule 21, district courts often consider (1) whether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof; (2) whether severance would promote judicial economy; and (3) whether either party will be unduly prejudiced by severance or its

absence. *Id.* (citing *Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (citation omitted)). These are some of the same factors considered when examining a motion to bifurcate claims under Rule 42(b). *See, e.g., Griffith v. Allstate Ins. Co.*, 90 F.Supp.3d 344, 346 (M.D. Pa. 2014); *Goldstein v. Am. States Ins. Co.*, 2018 WL 6198463, at *1-2 (E.D. Pa. Nov. 28, 2018) (citing *Shapiro*, 190 F.R.D. at 355).

Under either rule, the party seeking severance or bifurcation bears the burden of showing that such is appropriate given the specific facts and issues present in a particular case, and the court has wide latitude in deciding whether to sever or bifurcate proceedings by weighing the competing interests of the parties and attempting to maintain a fair balance. *Cooper v. Metlife Auto & Home*, 2013 WL 4010998, *2 (W.D.Pa. Aug. 6, 2013)(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *Barr Labs, Inc. v. Abbott Labs*, 978 F.2d 98, 105 (3d Cir. 1992); *Bechel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). The court also has wide discretion to stay discovery. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001). "It is well settled that before a stay may be issued, the [moving party] must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay

would work damage on another party." *Gold v. John-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)(quoting *Landis*, 299 U.S. at 255).

In considering whether to sever or bifurcate a bad faith claim, it is also helpful to frame the plaintiff's burden in establishing the defendant acted in bad faith. "To succeed on a bad faith claim, a plaintiff must demonstrate by clear and convincing evidence '(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis.'" *Verdetto v. State Farm Fire & Cas. Co.*, 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011) *aff'd*, 2013 WL 175175 (3d Cir. Jan. 17, 2013) (quoting *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir.1997)). In simpler terms, the plaintiff must show the defendant failed to make good faith efforts to settle the claim for a reasonable value given the plaintiff's injuries.

In considering the above factors in this case, as to the first factor, i.e., whether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof, the defendant makes no argument. However, the court finds that the central questions of the breach of contract and bad faith claims are significantly intertwined. In the breach of contract claim, the question for the jury will be whether the plaintiff suffered injuries from the accident that were covered under his UIM policy

and he was not otherwise properly compensated. Similarly, the bad faith claim will require the jury to determine whether the defendant's investigation into the plaintiff's injuries was reasonable and, if so, whether there was a reasonable basis supporting the defendant's offer of settlement. While the bad faith claim may require some additional evidence with respect to the investigation and evaluation of the plaintiff's claim, the pivoting point for both cases will be the plaintiff's injuries, represented through relevant medical evidence and the defendant's claim file. The jury will be able to properly evaluate the entire case including the accident, the plaintiff's injuries, the defendant's investigation, and, finally, the attempts to settle the matter. In sum, the evidence and testimony will overlap significantly. This factor weighs against severance or bifurcation.

The second and third factors, i.e., whether severance would promote judicial economy and whether either party would suffer prejudice are combined. The court fails to see how severance or bifurcation would be reasonable given the circumstances. Discovery, dispositive motions, pre-trial motions, and trial place a substantial burden on any party. Severance or bifurcation would essentially double the life of this action requiring a second discovery period, more dispositive motions, more pre-trial motions, and a completely separate second action or trial placing undue burden on

the court and resulting in prejudice to the plaintiff. Conversely, the court finds no prejudice to the defendant. Although the defendant argues that severance and a stay of bad faith discovery are necessary to avoid prejudice to the UIM negotiation process, the concern of the defendant is with regard to producing potentially privileged documents sought by the plaintiff in his motion to compel. Any such concerns can be addressed through *in camera* review of the discovery materials when addressing the plaintiff's motion to compel rather than through severance or bifurcation and the imposition of a stay which will only prolong consideration of the discovery matters. Further, although the defendant speculates that a favorable resolution of the breach of contract claim may expedite the subsequent bad faith claim, this fact remains true even if the claims are kept together. Therefore, these factors also weigh against severance or bifurcation.

Overall, the court finds that the defendant has not met its burden in establishing that severance or bifurcation and a stay of discovery with respect to the bad faith claim are warranted in this case. As such, the defendant's motion will be denied. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATED:** 8/7/26
25-1371-01