**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEVEN ALERS,** | : **No. 3:25-CV-1371** |
| **Plaintiff** | : **(Mannion, J.)** |
| **v.** | : **(Caraballo, M.J.)** |
| **PROGRESSIVE PREFERRED INSURANCE COMPANY,** | : |
| **Defendant** | : |

## MEMORANDUM

## I. Background

This action concerns an underinsured motorist insurance dispute between plaintiff Steven Alers and his automobile insurance company, defendant Progressive Preferred Insurance Company ("Progressive"). The matter was referred to the undersigned to resolve a motion to compel filed by Alers, seeking discovery of redacted notes in Progressive's claim file. Doc. 15. The undersigned thus has jurisdiction pursuant to Title 28, United States Code, Section 636(b)(1)(A).

The motion to compel is fully briefed and ripe for decision. Docs. 18, 21, 23. On August 17, 2026, the undersigned held a discovery

conference, and on August 25, 2026, the undersigned held oral argument on the motion. Docs. 32, 35. During the course of those proceedings, the parties narrowed the dispute forming the premise for the motion to compel, and the undersigned ordered Progressive to produce a limited number of documents from the claim file withheld from discovery as privileged, for *in camera* review. Doc. 34. As directed by the Court, Progressive provided those documents under seal on September 3, 2026. Doc. 36, 39. As set forth below, the motion to compel discovery will be denied.

## II. Standard of Review

"The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion." *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) (citing *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983)). That "broad discretion to manage discovery," *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995), extends to discovery dispute rulings entered by United States Magistrate Judges:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, 2010 WL 3735702, at *1 (D.N.J. 2010).

In exercising that discretion, the Court is guided by the principles set forth in Federal Rule of Civil Procedure 26(b), which permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). That liberal discovery policy recognizes that the "[m]utual knowledge of all the

relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. *Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir. 1982).

"When the Court is presented with a motion to compel discovery, '[t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.' " *Mazer v. Frederick Mut. Ins. Co.*, 2021 WL 850984, at *1 (M.D. Pa. 2021) (citing *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 227 (M.D. Pa. 2014)).

## III. **Discussion**

Alers seeks discovery of redacted claim notes in Progressive's privilege log, and challenges Progressive's assertion that it reasonably anticipated litigation as of December 3, 2024, thus triggering the

protections of work product privilege for claim file entries commencing on December 12, 2024. Doc. 36. Also at issue are several portions of the claim file redacted as containing attorney-client communications. *Id.* The Court finds that Progressive reasonably anticipated litigation, thus triggering the shield of work product protection, by December 12, 2024. Accordingly, Progressive properly applied redactions to claim file entries thereafter on the basis of the work product and attorney-client communication privileges.

As this is a diversity removal action involving a state bad faith claim, Pennsylvania law governs whether the attorney-client privilege applies to the challenged documents. *See* Fed. R. Evid. 501; *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 301 (3d Cir. 1999). Under Pennsylvania law, the attorney-client privilege protects "confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice." *Gillard v. AIG Ins. Co.*, 15 A.3d 44, 59 (Pa. 2011); *see also* 42 Pa. Cons. Stat. Ann. § 5928 ("In a civil matter counsel shall not be competent or permitted to testify to confidential communications made

to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.").

The privilege thus "applies to any communication that satisfies the following elements: it must be '(1) a communication (2) made between [the client and the attorney or his agents] (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" *In re Teleglobe Communications Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (quoting the Restatement (Third) of the Law Governing Lawyers § 68 (2000)). The attorney-client privilege facilitates "[f]ull and frank communication between attorneys and their clients." *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007). The privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn v. United States*, 449 U.S. 383, 389 (1981).

Although the privilege protects from disclosure attorney-client communications, it does not extend to the underlying facts conveyed in those communications. *Id.* at 385. Thus, while recognizing its value,

"[b]ecause the attorney-client privilege has this effect of withholding relevant information from fact-finders, federal courts must apply it only where necessary to achieve its purpose." *Wachtel*, 482 F.3d at 231. Accordingly, "because the purpose of the privilege is to promote the dissemination of sound legal advice, the privilege will extend only to advice which is legal in nature. Where a lawyer provides non-legal business advice, the communication is not privileged." *Id.*

"Federal courts are further required to assess the application of the privilege on a case-by-case basis." *Foy v. Encompass Home and Auto Ins. Co.*, 2023 WL 6609016, at *5 (M.D. Pa. 2023); *see also Wachtel*, 482 F.3d at 230 ("Rule 501 requires the federal courts, in determining the nature and scope of an evidentiary privilege, to engage in the sort of case-by-case analysis that is central to common-law adjudication."). "The burden of proving that the (attorney-client) privilege applies is placed upon the party asserting the privilege." *Matter of Grand Jury Empanelled Feb. 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979) (quoting *United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978)).

Conversely, the work-product doctrine is a principle of federal law governed by Federal Rule of Civil Procedure 26(b)(3). *United Coal v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988). Rule 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The doctrine thus "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661–62 (3d Cir. 2003) (internal quotations omitted).

In comparing the work product doctrine to the attorney-client privilege, the Court of Appeals explained:

> The purpose of the work-product doctrine differs from that of the attorney-client privilege.... [T]he attorney-client privilege promotes the attorney-client relationship, and, indirectly the functioning of our legal system, by protecting the confidentiality of communications between clients and their attorneys. In contrast, the work-product doctrine promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Protecting attorneys' work product promotes the adversary system by enabling attorneys

> to prepare cases without fear that their work product will be used against their clients.

*Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1427–28 (3d Cir. 1991).

Critically, and as set forth in the plain language of Rule 26(b)(3), the work product doctrine is not limited to protecting materials prepared by attorneys alone. Rather,

> [T]he doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*United States v. Nobles*, 422 U.S. 225, 238–39 (1975) (footnote omitted).

"Mental impressions and opinions of the party and its agents, however, are not protected by the work product doctrine, unless they are prepared for an attorney in preparation for possible litigation." *Safeguard Lighting Sys., Inc. v. N. Am. Specialty Ins. Co.*, 2004 WL 3037947, at *2 (E.D. Pa. 2004). Thus, in the context of evaluating an insurer's claim files, as here, "[a]n insurance company cannot reasonably argue that the entirety of its claims files are accumulated in

anticipation of litigation when it has a duty to investigate, evaluate, and make a decision with respect to claims made on it by its insureds." *Lyvan D.D.S. v. Harleysville Ins. Co., et al.*, 1994 WL 533907, at *3 (E.D. Pa. 1994). Rather, "[w]ork product prepared in the ordinary course of business is not immune from discovery." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000).

The Court's determination thus hinges on the inquiry of when Progressive's evaluation of Alers's underinsured motorist claim shifted from ordinary business operations to activities undertaken in anticipation of litigation. *Shaffer v. State Farm Mut. Auto Ins. Co.*, 2014 WL 931101, at *3 (M.D. Pa. 2014). "The burden of demonstrating that a document is protected as work-product rests with the party asserting the doctrine." *Conoco Inc. v. U.S. Dep't. of Just.*, 687 F.2d 724, 730 (3d Cir. 1982). Moreover, "[t]he party asserting work product protection must demonstrate that it subjectively anticipated litigation, and that the anticipation was objectively reasonable." *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, 2021 WL 2156367, at *5 (E.D. Pa. 2021). As aptly summarized by the Honorable Joseph F. Saporito, Jr.:

> [T]he gravamen of a claim of work product protection necessarily requires an assessment of when litigation was anticipated, which is a determination not subject to a bright-line rule. Our court has long adopted a case-by-case approach. *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 774 (M.D. Pa. 1985). As recognized by the Third Circuit, "[p]rudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993) (citing *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979)). Thus, whether litigation was reasonably anticipated is a fact-dependent inquiry.

*Mazer*, 2021 WL 850984, at *3.

Here, and as confirmed during the undersigned's *in camera* review of the unredacted claim file, Progressive reasonably anticipated litigation, and thus justifiably applied redactions to certain entries in the claims file, by December 12, 2024. By that date, Progressive and Alers's counsel engaged in multiple communications exchanging their respective offer and demand to resolve the dispute, and Alers's counsel rejected Progressive's offer and refused to provide a counter-demand. Alers's counsel also directed Progressive to refer the matter to defense counsel after the parties remained far apart in their valuations, and Progressive complied. At that point, Progressive both objectively and subjectively anticipated litigation. *See Solano-Sanchez*, 2021 WL

2156367, at *6 (finding a reasonable anticipation of litigation when claim review concluded and valued far below the policy limit demanded). Then, beginning on December 12, 2024, and interspersed with unredacted claims evaluation information that was produced in discovery, Progressive sought legal advice from multiple outside counsel, strategized its litigation defense with outside counsel, and prepared information for outside counsel. Those entries, redacted from discovery, do not reflect claims evaluation processes.[1]

The undersigned is thus satisfied that Progressive met its burden of establishing that the redacted material reflects communications and materials protected by the attorney-client communication and work

[1] To the extent that the redacted information reflects any attorney fee information, the "general rule [is] that fee information does not come within the attorney-client privilege." *In re Grand Jury Investigation*, 631 F.2d 17, 19 (3d Cir. 1980). The attorney-client privilege protects billing statements and time records "*only* to the extent that they reveal litigation strategy and/or the nature of services performed. Thus, statements and records that simply reveal the amount of time spent, the amount billed, and the type of fee arrangement between attorney and client are fully subject to discovery." *United States v. Keystone Sanitation Co.*, 885 F. Supp. 672, 675 (M.D. Pa. 1994) (emphasis in original) (internal citations omitted); *see also Aspen Specialty Ins. Co. v. Hosp. Supportive Sys., LLC*, No. CV 16-1133, 2021 WL 3732232, at *1 (E.D. Pa. May 27, 2021) (same). That said, Alers's motion to compel is premised on seeking claims evaluation information, not attorney fee information.

product privileges, and was properly withheld from discovery. The Court will deny Alers's motion to compel, accordingly.

## IV. Conclusion

For the reasons set forth above, the motion to compel discovery will be denied. An appropriate order shall follow.

Date: September 23, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge